ROSE DIRK AND OTTO DIRK, HER HUSBAND, APPEL-
LANTS, v. THE SANITARY CONSTRUCTION COMPANY,
A CORPORATION, AND ANTHONY CERVINO, RESPOND-
ENTS.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellants, *Ward & McGinnis* and *Louis C. Fried-
man* (*Peter J. McGinnis,* of counsel).

For the respondents, *John L. Griggs* and *Charles G.
Stalter.*

The opinion of the court was delivered by

HETFIELD, J.   This appeal presents the question of whether
the trial court properly directed a judgment of nonsuit.   The
action was brought in the Supreme Court, Passaic Circuit,
by husband and wife, for damages resulting from injuries
received by the wife, and caused by the alleged negligence
of the respondents and one Jacob Mende, as to whom a dis-
continuance was entered when the case came to trial.

It appears from the record that an auto truck, owned by
the Sanitary Construction Company and operated by its agent,
Anthony Cervino, the respondents, was proceeding in a
northerly direction on the right-hand side of a public thor-
oughfare known as Pompton turnpike, in Singac, Passaic
county.   As the truck approached Gray street, which enters

on the westerly side of Pompton turnpike, and there comes to a dead end, the driver attempted to make a left-hand turn, for the apparent purpose of entering said street; and when the truck arrived on the westerly side of the turnpike it collided with a Chevrolet car, operated by Jacob Mende, going south, on the right-hand side of the turnpike, at a speed of about twenty-five miles an hour. As a result of the collision, the Chevrolet car ran upon the sidewalk and struck the plaintiff Rose Dirk, who was approximately twelve feet from the point of the collision, and about to enter a store which faced the turnpike. When the cars stopped, the plaintiff was held against the wall of the building by the Chevrolet car, which had to be removed in order that she could be released, and the truck was pressed against the left-hand side of the Chevrolet. The trial court's direction was apparently based on the ground that there was no evidence to indicate any negligence on the part of the defendants. We think that the proof, as it stood, without being explained or controverted, was sufficient to support a verdict for the plaintiffs, and the motion for a nonsuit should have been denied.

"A motion for a nonsuit admits the truth of the plaintiff's evidence, and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law.

"Where the evidence and the inferences reasonably arising therefrom will support a verdict for the plaintiff, a motion for a nonsuit must be denied." *Weston Co.* v. *Benecke,* 82 *N. J. L.* 445.

The jury could have inferred from the evidence that the truck driver did not exercise that degree of care which the conditions and circumstances demanded when he made the left turn in order to enter Gray street, and in attempting to pass over a line of travel used by cars going in a southerly direction; and that he was negligent in failing to notice that the Chevrolet was traveling in his direction at an excessive rate of speed or if he did observe it, he did not use ordinary care to avoid the accident, by attempting to enter Gray street, instead of waiting until the Chevrolet car had passed that portion of the street he was about to cross. The

fact that the Chevrolet car was traveling at an unlawful speed, and perhaps in a negligent manner, did not relieve the truck driver of the duty to use such care as a person of reasonable or ordinary prudence would exercise under like conditions. If several persons are guilty in common of a tort, the injured one has his right of action for damages against each and all of the tort-feasors, and may, at his election, sue them individually or together.

The judgment of nonsuit will therefore be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.